## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| Carrie Minter, Cielo Jean Gibson, Dessie Mitcheson, Eva Pepaj, Hillary Hepner, Ina Schnitzer, Irina Voronina, Jaime Edmondson Longoria, Jessica Hinton, Katarina Van Derham, Kimberly Cozzens, Lucy Pinder, Paola Canas, Rachel Koren, Sara Underwood, Tara Leigh Patrick, and Tiffany Toth Gray, | Civil Action No.<br><br>**Judge**<br>**Magistrate Judge**<br><br>**COMPLAINT AND JURY DEMAND** |
| Plaintiffs, | |
| v. | |
| Ferny Properties LLC dba The Northern, | |
| Defendant. | |

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiffs Carrie Minter, Cielo Jean Gibson, Dessie Mitcheson, Eva Pepaj, Hillary Hepner, Ina Schnitzer, Irina Voronina, Jaime Edmondson Longoria, Jessica Hinton, Katarina Van Derham, Kimberly Cozzens, Lucy Pinder, Paola Canas, Rachel Koren, Sara Underwood, Tara Leigh Patrick, and Tiffany Toth Gray (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, respectfully allege based on against Ferny Properties LLC ("Defendant"), doing business as The Northern, as set forth below:

### I.     <u>INTRODUCTION</u>

1.  This case is about a strip club's unauthorized use of several professional models' pictures in the strip club's advertisements.

2.  Defendant ran advertisements for its strip club on social media, including on the strip club's Facebook, Instagram, and Twitter pages.

3.  Defendant's advertisements featured images of Plaintiffs.

1

4.   Defendant had no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs into Defendant's advertisements for Defendant's strip club, but Defendant did so anyway, whether intentionally, recklessly, or negligently.

5.   Plaintiffs would not choose to advertise or promote Defendant's strip club at all as being affiliated with Defendant's strip club can harm, defame, and disparage Plaintiffs' reputations and brands and make it more difficult for Plaintiffs to obtain future work of their choosing or to otherwise commercially use and market their own brand and image.

6.   Even if Plaintiffs had been willing to allow their images to be used by Defendant – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendant's commercial use of their images.

7.   Defendant has not paid Plaintiffs anything despite using Plaintiffs' images in Defendant's advertisements.

8.   Defendant's wrongful conduct, as further described and explained below, gives rise to Plaintiffs' claims against Defendant for false association, false advertising, and unfair competition under the federal Lanham Act, 15 U.S.C. § 1125(a), violations of the common law right of publicity through appropriation, negligence, violations of North Dakota's deceptive trade practices statute, and unjust enrichment, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II.   **PARTIES**

### A.   **Plaintiffs**

9.   Plaintiff Carrie Minter is a well-known professional model and is a resident of Texas.

10. Plaintiff Cielo Jean Gibson is a well-known professional model and is a resident of California.

11. Plaintiff Dessie Mitcheson is a well-known professional model and is a resident of Texas.

12. Plaintiff Eva Pepaj a well-known professional model and is a resident of Texas.

13. Plaintiff Hillary Hepner is a well-known professional model and is a resident of South Carolina.

14. Plaintiff Ina Schnitzer is a well-known professional model and is a resident of the Federal Republic of Germany.

15. Plaintiff Irina Voronina is a well-known professional model and is a resident of California.

16. Plaintiff Jaime Edmondson Longoria is a well-known professional model and is a resident of Arizona.

17. Plaintiff Jessica Hinton is a well-known professional model and is a resident of California.

18. Plaintiff Katarina Van Derham is a well-known professional model and is a resident of California.

19. Plaintiff Kimberly Cozzens is a well-known professional model and is a resident of California.

20. Plaintiff Lucy Pinder is a well-known professional model and is a resident of the United Kingdom of Great Britain and Northern Ireland.

21. Plaintiff Paola Canas is a well-known professional model and is a resident of Florida.

22. Plaintiff Rachel Koren is a well-known professional model and is a resident of California.

23. Plaintiff Sara Underwood is a well-known professional model and is a resident of Washington.

24. Plaintiff Tara Leigh Patrick, well-known known professionally as Carmen Electra, is a professional model and is a resident of California.

25. Plaintiff Tiffany Toth Gray is a well-known professional model and is a resident of California.

**B.      The Club and Defendant**

26. The Northern, also known as "Club Northern," or "The Northern Gentleman's Club," is a strip club located at 325 10th St N, Fargo, North Dakota, 58102, Cass County (the "Club").

27. Defendant Ferny Properties LLC ("Ferny" or "Defendant") is a North Dakota domestic limited liability company in good standing with the North Dakota Secretary of State, SOS Control ID# 0000083344.

28. Defendant Ferny's principal and mailing address is 325 10th St N, Fargo, North Dakota 58102 and its registered agent is listed as Kerry Fernholz, 325 N 10th St, Fargo, North Dakota 58102.

29. Defendant holds North Dakota alcoholic beverage license AA-00269 for the Club.

30. On information and belief, Defendant owns, operates, and manages the Club.

31. As the owner, operator, and manager of the Club, Defendant is ultimately responsible for the production and posting of advertisements for the Club by Defendant's officers, managers, employees, agents, or independent contractors.

### III.      JURISDICTION AND VENUE

32. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.N. §1125, *et seq*.

33. Venue is proper in this under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

### IV.   FACTUAL ALLEGATIONS

#### A.   A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses

34. Each Plaintiff is, and at all times mentioned herein was, a well-known professional model who earns compensation by, among other things, commercializing her identity, image, likeness, trade dress and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

35. As professional models, Plaintiffs' business includes trading on their inherently distinctive looks and physical attractiveness to bring attention to the products, brands, and services that Plaintiffs choose to affiliate with.

36. Furthermore, a model's reputation directly impacts the commercial value associated with the use of their image, likeness, identity, or trade dress to promote a product or service.

37. As such, a model has the right to control the commercial exploitation of their name, image, likeness, identity, trade dress, and advertising ideas.

38. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

39. Each Plaintiff carefully considers and vets the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of their image or likeness.

40. Each Plaintiff's career in modeling has substantial value derived from the goodwill and reputation each has built.

41. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

42. Unauthorized use of each Plaintiff's image or likeness can diminish and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of each Plaintiffs' image and likeness or for each Plaintiff's advertising ideas containing each Plaintiff's image and likeness.

43. As such, Plaintiffs must vigorously defend against unauthorized use of their image and likeness by third parties like Defendant that choose to steal Plaintiffs' images for use in Defendant's own advertisements without payment or consent, fraudulently representing to the public that Plaintiffs endorse, approve, or agreed to advertise Defendant's Club, and thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs, Plaintiffs' brands, and Plaintiffs' modeling work product.

**B.   Defendant Used Plaintiffs' Images and Likenesses to Promote Defendant's Business Interests**

44. As the owner of a strip club, Defendant's business includes trading on the physical attractiveness of women to entice customers into its Club.

45. Defendant uses social media accounts featuring images of physically attractive women to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

46. Defendant is ultimately responsible for the advertising content posted by or on behalf of Defendant through Defendant's officers, managers, employees, agents, or independent contractors on various web and social media accounts, including on the Club's web page and on the Club's Facebook, Instagram, Twitter, and Snap Chat accounts.

47. Defendant's advertisements for the Club ran on at least the Facebook account https://www.facebook.com/NorthernGentlemansClub/, the Twitter account https://twitter.com/northernfargo/, and the Instagram account https://www.instagram.com/northerngentlemansclub/ (the Club's "Social Media Accounts").

48. Defendant provided links to the Club's Facebook and Twitter Social Media Accounts on the Club's webpage www.clubnorthern.com.

49. Defendant has, and at all times mentioned herein had, authority to control their own use of their webpage and Social Media Accounts to promote the Club.

50. Defendant misappropriated Plaintiffs' photographs, images, likenesses, and distinctive appearances in advertising materials published by or for Defendant on the Club's Social Media Accounts to market, promote, and advertise the Club, all without consent, authorization, or legal right.

51. By using Plaintiffs' images in Defendant's advertisements for the Club on the Social Media Accounts, Defendant fraudulently represented to the public that Plaintiffs endorse, are affiliated with, would perform at, or agreed to advertise the Club.

52. Defendant used Plaintiffs' images to bring attention from consumers to the Club and derive benefit from the some of the same qualities of Plaintiffs, including their physical look and distinctive appearances, that Plaintiffs trade on to earn income for themselves, thus competing with Plaintiffs over the very same consumer attention that contributes to the economic value of Plaintiffs' images, likenesses, identities, and trade dress in the first place.

53. Defendant's misappropriations of each Plaintiff's image, likeness, identity, and trade dress, falsely and fraudulently associating them with the Club, include *at least* the following advertisements, identified by Plaintiff(s) featured in the advertisement, date posted, social media

account posted on, and uniform resource locator (URL) at which the advertisement could be found, as follows:

1) Carrie Minter, 8/20/2020, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/4800551373303617

2) Carrie Minter, 7/31/2020, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/4702113539814068

3) Carrie Minter, 8/16/2019, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/3438433866182048

4) Carrie Minter, 6/28/2019, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/3302603176431785

5) Cielo Jean Gibson, 7/23/2021, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/6441894955835909

6) Cielo Jean Gibson, 7/8/2020, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/4593540954004661

7) Cielo Jean Gibson, 7/31/2019, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/3394096190615816

8) Cielo Jean Gisbon, 6/21/2019, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/3283305198361583

9) Dessie Mitcheson, 9/19/2016, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/1520060078019446

10)    Dessie Mitcheson, 1/11/2016, Facebook,

    https://www.facebook.com/NorthernGentlemansClub/photos/1279265025432287

11)    Dessie Mitcheson, 9/28/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1217527778272679

12)    Eva Pepaj, 3/12/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1321182607907195

13)    TBD Hilary Hepner, 2/1/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1053488431343282

14)    Ina Schnitzer, 4/12/2017, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1815738231784961

15)    Ina Schnitzer, 3/26/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1321186381240151

16)    Ina Schnitzer, 4/19/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/854926444532816

17)    Ina Schnitzer, 4/18/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/855204944504966

18)    Ina Schnitzer, 4/17/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/854925934532867

19)    Irina Voronina, 9/13/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1199053436786780

20)    Irina Voronina, 7/6/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1155793571112767

21)    Irina Voronina, 10/27/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/966446800047446

22)     Jaime Edmondson Longoria, 1/11/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1283670454991744

23)     Jessica Hinton, 7/12/2019, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/3340967329262036

24)     Katarina Van Derham, 12/5/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/a.420831794608952/101

0347825657343

25)     Kimberly Cozzens, 9/3/2020, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/4873170846041669

26)     Kimberly Cozzens, 9/3/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1199049000120557

27)     Kimberly Cozzens, 10/27/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/966446800047446

28)     Lucy Pinder, 11/26/2020, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/5288046521220764

29)     Lucy Pinder, 11/28/2019, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/3773495939342504

30)     Lucy Pinder, 12/10/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1255853454440111

31)     Lucy Pinder, 11/21/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1247231251968998

32)     Paola Canas, 1/23/2017, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1691404347551684

33)     Paola Canas, 9/5/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1452779134747541

34)     Paola Canas, 7/5/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1414605058564949

35)     Paola Canas, 4/18/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1351793021512820

36)     Rachel Bernstein Koren, 2/11/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1305104226181700

37)     Sara Underwood, 4/22/2019, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/3128613827164055

38)     Sara Underwood, 8/20/2018, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/2604635732895203

39)     Sara Underwood, 2/26/2018, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/2294541367237976

40)     Sara Underwood, 2/19/2018, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/2283994118292701

41)     Sara Underwood, 6/12/2017, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1912400645452052

42)     Sara Underwood, 8/8/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1452774988081289

43)     Sara Underwood, 4/11/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1351791108179678

44)     Sara Underwood, 3/7/2016, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1321180747907381

45)     Sara Underwood, 1/19/2015,

https://www.facebook.com/NorthernGentlemansClub/photos/1037992582892867

46)     Sara Underwood, 10/20/2014, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/966446346714158

47)     Tara Leigh Patrick, 11/26/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1250532668305523

48)     Tara Leigh Patrick, 8/20/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1183591261666331

49)     Tiffany Toth Gray, 12/24/2015, Facebook,

https://www.facebook.com/NorthernGentlemansClub/photos/1270034203022036

54. On information and belief, the advertisements listed above were posted by, at the direction of, or on behalf of Defendant.

55. As of the date of filing this complaint, the advertisements listed above are still publicly posted on Defendant's Social Media Accounts for the benefit of Defendant and are continuing violations of Plaintiffs' rights resulting in continuing harm and damage to Plaintiffs.

56. In the advertisements including the images and likenesses of Plaintiffs listed above, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted include Plaintiffs.

57. By placing each Plaintiff's image, likeness, and trade dress on the Club's Social Media Accounts, Defendant conveys and reasonably suggests, falsely and fraudulently, that Plaintiffs

endorse the Club, are affiliated with the Club, participated in the Club, may appear at the Club, sponsor the Club, or agreed to advertise the Club.

58. Defendant has falsely represented to the public generally, as well as to advertising clients that had previously engaged or may in the future engage Plaintiffs as paid talent for modeling or other related endeavors, that Plaintiffs endorse the Club, are affiliated with the Club, participated in the Club, may appear at the Club, sponsor the Club, or agreed to advertise for the Club when in fact they do and did not.

59. Defendant's use of Plaintiffs' images, likenesses, identities, and trade dress was for a commercial purpose and for Defendant's commercial benefit.

60. Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendant's revenue.

61. Defendant had and has no right, consent, authority, license, or authorization to use any of Plaintiffs' images in Defendant's commercial advertisements.

62. Defendant knew or should have known that they had no right to use Plaintiffs images in commercial advertisements making Defendant's unauthorized use of Plaintiffs' images knowing, willful, and intentional.

63. In the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its managers, employees, or contractors, and reasonable care in the promulgation of policies and procedures, with respect to use of images in advertisements for the Club of only those persons for whom Defendant had valid consent, license, or authority.

### C.    Defendant's Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs

64. In prior instances of authorized commercial marketing and use of each Plaintiff's image, likeness, identity, or trade dress by third parties, Plaintiffs negotiated and expressly granted

authority for such use pursuant to various terms and conditions and for agreed upon compensation.

65. Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

66. Defendant never sought Plaintiffs' permission to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

67. Plaintiffs never gave Defendant permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendant any right to use Plaintiffs' images or likenesses for commercial purposes.

68. Defendant never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

69. Defendant's unauthorized use of Plaintiffs' images was and is misleading, confusing, and fraudulent.

70. Defendant misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

71. As a direct and proximate result of Defendant's exploitation of Plaintiffs' images and identities, Defendant made profits or gross revenues in an amount to be established at trial.

72. Plaintiffs have been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images and likenesses for commercial purposes, as Plaintiffs have been deprived of the fair market value compensation they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to the Club – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

73. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use as such use causes Plaintiffs to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

74. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in commercializing Plaintiffs' images and likenesses, or Plaintiffs' advertising ideas containing Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

## V.   CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by
### False Association, Unfair Competition, and/or False Advertising

75. Plaintiffs re-state and re-allege paragraphs 1 through 74 above and incorporate the same by reference as though fully set forth herein.

76. Each Plaintiff brings this claim against Defendant.

77. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or

> geographic origin of his or her or another person's goods,
> services, or commercial activities,

shall be liable in a civil action by any person who believes that he
or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

78. Defendant is liable to Plaintiffs for false association, false endorsement, unfair competition, and/or false advertising violations of subsections 1125(a)(1)(A) and 1125(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

79. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

80. Each Plaintiff enjoys a substantial social media following and has appeared in authorized advertising campaigns, publications, shows, productions, or paid appearances.

81. Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

82. Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, identity, and trade dress.

83. Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, identity, and trade dress.

84. Prior to authorizing the use of their image, likeness, identity, or trade dress, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

85. Plaintiffs did not authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress.

86. Defendant is responsible for the placement of each Plaintiff's image, likeness, identity, or trade dress on or in advertisements promoting the Club on the Club's Social Media Accounts without consent, license, authorization, or legal right.

87. Defendant's unauthorized use of each Plaintiff's image, likeness, identity, or trade dress is ongoing and continuing as of the date of this Complaint.

88. In Defendant's advertisements that contain Plaintiffs' image, likeness, identity, or trade dress, Plaintiffs are depicted and readily identifiable.

89. Defendant misappropriated each Plaintiff's image, likeness, identity, or trade dress in Defendant's advertisements for the Club to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

90. Defendant never sought Plaintiffs' consent to use Plaintiffs' image, likeness, identity, or trade dress.

91. Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendant.

92. Plaintiffs would not agree to allow their image, likeness, identity, or trade dress to be used to promote the Club and would not and do not endorse the Club or the Club's live nude dancing activities.

93. Defendant placed its advertisements containing the misappropriated image, likeness, identity, or trade dress of each Plaintiff on some of the very same social media marketing channels used in interstate commerce by Plaintiffs to promote both themselves and the third-party brands, products, and services Plaintiffs choose to promote.

94. Defendant's misappropriation of each Plaintiff's image, likeness, identity, or trade dress is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

95. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

96. Defendant knew or should have known that they had no right to use Plaintiffs' image, likeness, identity, or trade dress to promote or advertise the Club.

97. Defendant knew or should have known that obtaining the right to use Plaintiffs' image, likeness, identity, or trade dress would have required consent and substantial compensation.

98. Defendant's unauthorized use of Plaintiffs' image, likeness, identity, or trade dress without seeking their consent under these circumstances constitutes willful and deliberate conduct.

99. In the alternative, Defendant negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of only images, likenesses, identities, or trade dresses in advertisements of individuals for whom Defendant had legal right.

100.     As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

101.     As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

102.     As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their image, likeness, identity, or trade dress and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

103.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT II**
**Violation of Plaintiffs' Common Law of Right of Publicity through Appropriation**

104.     Plaintiffs re-state and re-allege paragraphs 1 through 74 above and incorporate the same by reference as though fully set forth herein.

105.     Each Plaintiff brings this claim against Defendant.

106.     Plaintiffs' images and likenesses are elements of Plaintiffs' identity.

107.     Plaintiffs' images and likenesses have significant commercial value.

108.     As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiffs' images, likenesses, and identities on its social media without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

109.    Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of each of the Plaintiff's and of their images, likenesses, and identities without consent.

110.    Plaintiffs' faces or bodies are clearly visible and readily identifiable and distinguishable in the Defendant's advertisements.

111.    Plaintiffs never consented to, authorized, licensed, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated Plaintiffs' images without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

112.    Defendant did not use each Plaintiffs' image and likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

113.    Defendant did not use each Plaintiffs' image and likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiff's image and likeness primarily for the purpose of commercially advertising Defendant's Club.

114.    Defendant acted intentionally in using Plaintiffs' images and, knowing they did not have permission to use the images, posted the images to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiffs, appropriating for Defendant's own benefit the identities, physical attractiveness, distinct looks, and brands of each Plaintiff.

115.    In the alternative, Defendant acted with reckless disregard to Plaintiffs' legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' images on its social media

page for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

116.     In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiffs' images on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

117.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

118.     Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

119.     Defendant's unauthorized use, alteration, and appropriation of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs an association with, involvement with, or endorsement of Defendant's Club and the Club's live fully nude adult entertainment related activities.

120.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

121.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly

to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

122.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT III
### Negligence

123.     Plaintiffs re-state and re-allege paragraphs 1 through 74 above and incorporate the same by reference as though fully set forth herein.

124.     Each Plaintiff brings this claim against Defendant.

125.     Upon information and belief, Defendant was negligent in its failure to supervise its managers, employees, or contractors, and further negligent in its failure promulgate policies and procedures, with respect to the use of only such images in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority.

126.     Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages Plaintiffs suffered when Defendant's used and published each Plaintiffs' image in Defendant's advertisements without permission or payment.

127.     In the alternative, and upon information and belief, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, or contractors, and failed to exercise reasonable supervision of managers, employees, or contractors.

128.    In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and likenesses of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, and contractors involved in Defendant's advertising activities.

129.    As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT IV**
**Unjust Enrichment**

130.    Plaintiffs re-state and re-allege paragraphs 1 through 74 above and incorporate the same by reference as though fully set forth herein.

131.    Each Plaintiff brings this claim against each Defendant.

132.    As previously alleged, Defendant used Plaintiffs' misappropriated images and likenesses to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant.

133.    Accordingly, Plaintiffs conferred a benefit on Defendant.

134.    Defendant knew or should have known that they benefited from the use of Plaintiffs' images as is evident from the fact that Defendant published Plaintiffs' images to promote and advertise Defendant's Club and its activities.

135.    Although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional

model's image and likeness for commercial benefit, Defendant retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

136.     Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

137.     Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club.

138.     As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness and associating them with Defendant's Club without Plaintiffs' consent.

139.     As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

140.     Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, equitable relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## VI.     DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on each of the claims listed above as follows:

1.     For actual, consequential, and incidental damages in an amount to be proven at trial;

2.     For the amount due, owing, and unpaid to Plaintiffs representing the fair market value compensation Plaintiffs would have otherwise received for uses of Plaintiffs' images and likenesses;

3.     For trebling of damages or statutory damages as permitted by law;

4.     For prejudgment interest in an amount permitted by law;

5.     For disgorgement of Defendant's profits;

6.     For a permanent injunction barring Defendant's use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to direct removal of all uses of Plaintiffs' images and likenesses from Defendant's Club's Social Media Accounts;

7.     For costs of this lawsuit;

8.     For reasonable attorneys' fees; and

9.     For all such other and further relief as to this Court seem just, proper and equitable.

## VII.   **JURY DEMAND**

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: November 23, 2021                    Respectfully submitted,

/s/ Michael S. Montgomery
Michael S. Montgomery
ND Bar ID No. 05089
MONTGOMERY & PENDER, P.C.
5630 – 34 Ave. S, Ste. 120
P.O. Box 9199
Fargo, North Dakota 58106
Telephone: (701) 281-8001
mike@mplawnd.com
*Attorneys for Plaintiffs*

Edmund S. Aronowitz
MI Bar No. P81474
*District of North Dakota application for admission to be filed*
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
edmund@aronowitzlawfirm.com
*Attorney for Plaintiffs*