# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Carrie Minter *et al.*,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>Ferny Properties LLC d/b/a/ The Northern,<br><br>　　　　Defendant and Third-Party Plaintiff,<br><br>　vs.<br><br>In-House Advertising and Consulting, LTD., and Off-the-Wall Advertising, Inc.,<br><br>　　　　Third-Party Defendants. | **ORDER**<br><br>Case No. 3:21-cv-210 |

Before the Court is Third-Party Defendant Off-the-Wall Advertising, Inc.'s ("Off-the-Wall") motion to dismiss Third-Party Plaintiff and Defendant Ferny Properties LLC's ("Ferny Properties") third-party complaint. Doc. No. 43. On November 23, 2021, Plaintiff Carrie Minter *et al.* filed a complaint against Ferny Properties alleging four separate claims related to the alleged misuse of the Plaintiffs' images. Doc. No 1. On March 10, 2022, Ferny Properties filed a third-party complaint against In-House Advertising and Consulting, Ltd. ("In-House") and Off-the-Wall, alleging four claims regarding In-House and Off-the-Wall's advertising practices in relation to the alleged misuse of the Plaintiffs' images. Doc. No. 40.

On May 26, 2022, Off-the-Wall filed this motion to dismiss the third-party complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 43. Ferny Properties responded and opposed the motion. Doc. No. 49.  After careful review, the Court grants the motion and dismisses the third-party complaint against Off-the-Wall without prejudice.

**I.  BACKGROUND**

The factual background, which the Court must accept as true for the purposes of this motion, is taken from Ferny Properties' third-party complaint. Doc. No. 40. Here, the third-party complaint consists of four paragraphs of factual allegations (two of which simply incorporate the Plaintiffs' complaint and Ferny Properties' answer) against Off-the-Wall.  To the extent the Court can decipher, Ferny Properties alleges it contracted with Off-the-Wall to market Ferny Properties "though social media and other means." Doc. No. 40. Ferny Properties then states it was sued by the Plaintiffs in this action for the alleged misuse of their images. Id. So, Ferny Properties appears to allege that Off-the-Wall is responsible for any misuse of the Plaintiffs' images. To that end, the third-party complaint alleges four claims against Off-the-Wall: (1) negligence, (2) breach of contract, (3) promissory estoppel, and (4) contribution and indemnity.  Id.

**II.  LAW AND ANALYSIS**

Off-the-Wall moves to dismiss all four claims for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Ferny Properties argues that the third-party complaint sufficiently pleads all claims against Off-the-Wall. After review, the Court concludes that the third-party complaint fails to plead sufficient factual allegations to plausibly allege the four claims asserted against Off-the-Wall.

**A.  Rule 12(b)(6) Standard.**

Federal Rule of Civil Procedure 8(a) requires a pleading only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Nevertheless, a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion. Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on the merits is more than a "sheer possibility." Id.

> Plausibility is established when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals supported by conclusory statements, however, do not suffice to meet the plausibility requirement.

Brookins Hybrid Drive Sys., LLC v. M.A.C., Inc., 3:12-CV-101, 2013 WL 12086636, at *2 (D.N.D. May 2, 2013). A complaint does not need detailed factual allegations, but it must contain more than labels and conclusions. Bell Atl. Corp. v. Twombly, 551 U.S. 544, 555 (2007).

As noted above, the Court must accept all factual allegations in the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 681.  The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."  Wilson v. Ark. Dep't of Hum. Servs., 850 F.3d 368, 371-72 (8th Cir. 2017).  The burden is on the moving party to prove that no legally cognizable claim for relief exists.

### B. Negligence.

Off-the-Wall moves to dismiss Ferny Properties' negligence claim due to any duty alleged by Ferny Properties arising only in contract. Off-the-Wall also argues the claim is so threadbare that it cannot meaningfully respond. Ferny Properties generally argues that it provided ample information to plausibly plead negligence under the notice pleading standard. The Court does not agree.

Under North Dakota law, the elements of a negligence claim are "(1) duty; (2) breach of that duty; (3) causation; and (4) damages." Barbie v. Minko Constr., Inc., 2009 ND 99, ¶ 8, 766

3

N.W.2d 458. Ferny Properties argues that Off-the-Wall had a duty to market Ferny Properties within any applicable codes, ordinances, regulations, law or governmental and/or industry standards, and that they were harmed by Off-the-Wall's failure to meet these alleged standards. This is the sole statement alleged in support of the negligence claim and is simply a legal conclusion. More is required. Ferny Properties has wholly failed to allege any facts as to what conduct breached the alleged duty. While the Court can make reasonable inferences and Ferny Properties is not required to mechanically allege every element of the claim, it still must provide sufficient factual allegations for the Court to conclude the claim is plausible. Brookins Hybrid Drive Sys., LLC, 3:12-CV-101, 2013 WL 12086636, at *2.

Notably, Ferny Properties' primary argument concerning notice pleading cites to cases decided prior the United States Supreme Court's decisions in Twombly and Iqbal. While Twombly and Iqbal did not end notice pleading, these cases make clear that conclusory and threadbare allegations are insufficient to sustain a claim. Further, as pleaded, Ferny Properties does not offer any factual allegations to detail what conduct (or how the conduct) violated an obligation independent from the parties' alleged contract, which is required under North Dakota law. See Dakota Grain Co., Inc. v. Ehrmantrout, 502 N.W.2d 234, 236–37 (N.D. 1993). Here, the factual allegations are insufficient to state a plausible negligence claim.[1]

### C.    Breach of Contract.

Next, Off-the-Wall also argues Ferny Properties' claim for breach of contract should be dismissed for failure to state a claim due to the lack of description regarding the parties' contract

---

[1] The Court will not dismiss this claim with prejudice as requested by Off-the-Wall because, while perhaps uncommon, North Dakota law recognizes that torts independent of the parties' contractual relationship may exist in some circumstances. See Olander Contracting Co. v. Gail Wachter Investments, 643 N.W.2d 29, 39 (N.D. 2002).

and how the alleged contract was breached. Ferny Properties argues the parties had an oral contract and that it has provided sufficient allegations to state a claim for breach of contract. Again, the Court does not agree.

A breach of contract is the nonperformance of a contractual duty when it is due. Bakke v. Magi-Touch Carpet One Floor & Home, Inc., 2018 ND 273, ¶ 13, 920 N.W.2d 726, 731 (citing Restatement (Second) of Contracts § 235(2) (1981)). The elements of a prima facie case for breach of contract are: (1) the existence of a contract; (2) breach of the contract; and (3) damages which flow from the breach. Serv. Oil, Inc. v. Gjestvang, 2015 ND 77, ¶ 15, 861 N.W.2d 490, 496. As Ferny Properties notes, it is axiomatic that if the parties had an oral contract, it could not be attached to the complaint. That being said, the third-party complaint, at best, alleges the parties had an oral contract where Off-the-Wall was to provide marketing, expertise, and services. Ferny Properties then alleges it was damaged by Off-the-Wall's subpar marketing. "In breach of contract actions, the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient." Gillis v. Principia Corp., 832 F.3d 865, 872 n.11 (8th Cir. 2016) (cleaned up) (emphasis added)). Ferny Properties' third-party complaint fails to state a claim for breach of contract because it does not allege what provision or terms of the contract were breached. Again, more is required, and the factual allegations are insufficient to plausibly allege a breach of contract claim.

    **D.    Promissory Estoppel.**

Off-the-Wall goes on to argue that Ferny Properties' claim for promissory estoppel should be dismissed for failure to state a claim due to the lack of a substantial change of Ferny Properties' position through action or forbearance. Ferny Properties argues it addressed each element of promissory estoppel in its third-party complaint. Again, the Court disagrees.

Promissory estoppel requires a plaintiff to show: "1) a promise which the promisor should reasonably expect will cause the promisee to change his position; 2) a substantial change of the promisee's position through action, or forbearance; 3) justifiable reliance on the promise; and 4) injustice which can only be avoided by enforcing the promise." Thimjon Farms P'ship v. First Int'l Bank & Tr., 2013 ND 160, ¶ 17 (N.D. 2013). Given the lack of factual allegations in the third-party complaint, it is entirely unclear how Ferny Properties changed its position through action or forbearance based on the alleged promise of Off-the-Wall to meet applicable codes, laws, regulations, and industry standards. Further, it is also unclear how Ferny Properties justifiably relied on the promise of Off-the-Wall. Once again, Ferny Properties must provide sufficient factual allegations to plausibly allege its promissory estoppel claim. The factual allegations here are insufficient to plausibly allege a promissory estoppel claim.

### E. Contribution and Indemnity.

Finally, Ferny Properties alleges that Off-the-Wall owes them contribution and/or indemnification "[b]ecause of the contract" and Off-the-Wall's "performance of its services under the contract." Doc. No. 40. As noted above, Ferny Properties has failed to identify any provisions, or more importantly, any terms of the oral contract. Also absent are any factual allegations alleging or explaining how Off-the-Wall's conduct would result in it being responsible or required to indemnify Ferny Properties. Given the lack of factual allegations here, it is not possible to conclude that a plausible indemnity claim has been alleged, as that claim is recognized under North Dakota law. See Sayler v. Holstrom, 239 N.W.2d 276, 280 (N.D. 1976). Similarly, without more, it is likewise not possible to plausibly allege a contribution claim. There are no allegations that Off-the-Wall acted in concert with, aided or encouraged, or ratified or adopted the alleged misuse of images laid out in the Plaintiffs' complaint. See Target Stores, a Div. of Dayton Hudson Corp. v.

Automated Maint. Servs., Inc., 492 N.W.2d 899, 904 (N.D. 1992). Put simply, more factual detail is required to plausibly allege any contribution or indemnification claim.

### III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, Off-the-Wall's motion to dismiss (Doc. No. 43) is **GRANTED**. The third-party complaint (Doc. No. 40) is **DISMISSED WITHOUT PREJUDICE** as to Off-the-Wall.

**IT IS SO ORDERED**.

Dated this 12th day of August, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court